## Eavenson Trust

*P. K. Motheral,* for trustee under deed of trust.

*Robert F. Barnett,* for trustee under will.

*Charles W. Herald,* for Commonwealth.

RAHAUSER, J., November 17, 1958.—Howard N. Eavenson entered into an insurance trust agreement with the Mellon National Bank and Trust Company as trustee, which agreement was duly filed of record in the Office of the Clerk of Orphans' Court of Allegheny County, in trust inter vivos, docket number 5, p. 310.

The terms of the trust agreement provide, inter alia, that upon the death of the insured the proceeds of the policies shall be collected and held during the life of the wife of the insured, and the income shall be paid in monthly installments to the said wife, Ada J. Eavenson, and at her death the trust shall end.

The deed of trust as amended, provided, inter alia, that:

"Upon the death of the Insured's wife, the Trustee shall pay the entire principal of the trust then remaining as appointed by her. The Insured hereby gives to his wife the power to appoint the entire principal of the trust to her estate or in favor of named persons or classes of persons, or to charities, absolutely

or in trust. In default of an appointment by her, the Trustee shall pay the remaining principal to her estate."

Ada J. Eavenson, life tenant and wife of settlor died April 18, 1958. Her last will and testament was duly probated in the Office of the Register of Wills of Allegheny County. The will made no specific reference to the power of appointment set forth in the aforesaid deed of trust. However, the fourth paragraph of the will of Ada J. Eavenson contained a residuary clause that directed a complete distribution to certain individuals and charities of the entire residue of her estate. This was an effective exercise of the said power of appointment. See section 14(14) of the Wills Act of April 24, 1947, P. L. 89; 20 PS §180.14.

The Inheritance Tax Department of the Commonwealth of Pennsylvania made an assessment against the proposed distribution of the corpus of the trust estate and filed a claim at the audit in the amount of $14,764.56.

All parties in interest filed an appeal from the appraisement of the Department and contest the right of the Commonwealth to tax any part of the corpus of the trust estate.

The question here involved is whether the proceeds of the policies that constitute the corpus of the trust are subject to the transfer inheritance tax for the reason that they vested in remainder by virtue of the power of appointment being exercised by the residuary clause of the will of Ada J. Eavenson, wife of settlor.

Since this question involves problems in statutory construction, it may be useful to refer to certain provisions of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §503 et seq., which were well recognized in practice long before the enactment of this act. Pertinent sections of said act are as follows:

Section 53: ". . . A transposition of words and clauses may be resorted to where a sentence is without meaning as it stands.

"In no case shall the punctuation of a law control or affect the intention of the Legislature in the enactment thereof . . .": 46 PS §553.

Section 54: ". . . Provisos shall be construed to limit rather than to extend the operation of the clauses to which they refer . . .": 46 PS §554.

Section 58: ". . . All provisions of a law of the classes hereafter enumerated shall be strictly construed: . . .

"(3) Provisions imposing taxes; . . .": 46 PS §558.

Section 71: "The Secretary of the Commonwealth shall, in printing amendatory laws, cause to be printed the section or part of the law only as re-enacted. In the section or part of the law re-enacted, the secretary shall cause to be printed between brackets, the words, phrases, or provisions of the existing law, if any, which have been stricken out or eliminated by the adoption of the amendment, and he shall cause to be printed in italics all new words, phrases or provisions, if any, which have been inserted into or added to the law by the passage of such amendment . . .": 46 PS §571.

Section 75. "Whenever two or more amendments to the same provision of a law are enacted at the same or different sessions, one amendment overlooking and making no reference to the other or others, the amendments shall be construed together, if possible, and effect be given to each . . .": 46 PS §575.

With the foregoing principles in mind, let us now examine the Pamphet Laws in which the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, and its subsequent amendments are set forth. The original act, section 1, of the Transfer Inheritance Tax Act of 1919, provides:

"A tax shall be, and is hereby, imposed upon the transfer of any property . . . in the following cases:
. . .

"(d) When any person or corporation comes into the possession or enjoyment by a transfer from a resident or nonresident decedent, when such nonresident decedent's property consists of real property within this Commonwealth, or of shares of stock of corporations of this Commonwealth, or of national banking associations located in this Commonwealth, of an estate in expectancy of any kind or character which is contingent or defeasibly transferred by an instrument taking effect after the passage of this act, or any property transferred pursuant to a power of appointment contained in any instrument taking effect after the passage of this act": 72 PS §2301.

Section 1 of the Transfer Inheritance Tax Act of 1919 was amended twice in 1929. The Act of March 28, 1929, P. L. 118, added a sentence exempting the proceeds of insurance. The Pamphlet Laws italicize the exemption provision as follows:

*"The proceeds of policies of life insurance, payable otherwise than to the estate of the insured, and whether paid directly by the insurer to beneficiaries designated in the policies, or to a trustee designated therein, and held, managed, and distributed by such trustee to or for benefit of such persons or classes of persons under such plan and in such estates as may have been prescribed by the insured under agreement with such trustee, shall not be included in imposing any tax under this section."*

The Act of May 16, 1929, P. L. 1795, added a proviso to section 1(*d*) of the Act of 1919 first above quoted. This proviso is italized in the original Pamphlet Laws and reads as follows:

*"Provided, That property transferred pursuant to powers of appointment shall, in all cases where the*

*power is hereafter exercised, be taxed as of the estate of the donor, notwithstanding any blending of such property of the donee."*

After the enactment of the Act of May 16, 1929, P. L. 1795, section 1 (*d*) read as follows:

"(d) When any person or corporation comes into the possession or enjoyment by a transfer from a resident or nonresident decedent, when such nonresident decedent's property consists of real property within this Commonwealth, or of shares of stock of corporations of this Commonwealth, or of national banking associations located in this Commonwealth, of an estate in expectancy of any kind or character which is contingent or *defeasibly* transferred by an instrument taking effect after the passage of this act, or of any property transferred pursuant to a power of appointment contained in any instrument taking effect after the passage of this act, or of any property transferred pursuant to a power of appointment contained in any instrument taking effect after the passage of the act: *Provided, That property transferred pursuant to powers of appointment shall, in all cases where the power is hereafter exercised, be taxed as of the estate of the donor, nothwithstanding any blending of such property with the property of the donee."*

In 1931 the title and section 1 of the Act of 1919, P. L. 521, were amended "by including notice in the title that said act taxes transfers made in contemplation of death; and by imposing upon banks, other institutions or depositories the duty of making certain reports; and fixing penalties on such banks, other institutions or other depositories for failure to make such reports."

The Act of June 22, 1931, P. L. 690, amends and re-enacts section 1 of the Act of June 20, 1919, P. L. 521, as amended by the Act of March 28, 1929, P. L. 118,

and the Act of May 16, 1929, P. L. 1795, to read as follows: ·

". . . a tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations in the following cases: . . .

"(d) When any person or corporation comes into the possession or enjoyment by a transfer from a resident or nonresident decedent, when such nonresident decedent's property consists of real property within this Commonwealth, or of shares of stock of corporations of this Commonwealth, or of national banking associations located in this Commonwealth, of an estate in expectancy of any kind or character which is contingent or *defeasibly* transferred by an instrument taking effect after the passage of this act, or of any property transferred pursuant to a power of appointment contained in any instrument taking effect after the passage of this act. The proceeds of policies of life insurance, payable otherwise than to the estate of the insured, and whether paid directly by the insurer to beneficiaries designated in the policies, or to a trustee designated therein and held, managed, and distributed by such trustee to or for the benefit of such persons or classes of persons under such plan and in such estates as may have been prescribed by the insured under agreement with such trustee, shall not be included in imposing any tax under this section; Provided, That property transferred pursuant to powers of appointment shall, in all cases where the power is hereafter exercised, be taxed as of the estate of the donor, notwithstanding any blending of such property with the property of the donee.

"Personal property of a nonresident decedent made taxable under this section shall not be subject to the tax so imposed if a like exemption is made by the laws

of the State or country of the decedent's residence in favor of residents of this Commonwealth."

None of said paragraph (*d*) is italicized in the said 1931 Act and it does not purport to change this subsection. The italicized portion of the Act of June 22, 1931, P. L. 690, sec. 1, appears in subparagraph (*e*) of the said act, which deals with the duty of banks to notify the Department of Revenue of the death of a joint depositor, and it has nothing to do with property being transferred by virtue of a power of appointment.

It seems clear that the legislature in enacting the Act of June 22, 1931, P. L. 690, had no intention of changing the law with reference to the taxability of the proceeds of policies of life insurance or of the law relating to taxes arising upon the transfer of property pursuant to the exercise of a power of appointment, as set forth in the 1929 amendments to the Act of 1919 heretofore quoted.

Section 1 of the Transfer Inheritance Tax Act of 1919 was also amended in 1936 and in 1949, but neither of these amendments purports to amend section 1 (*d*) of the act, which is the only section pertinent to the problem involved herein.

Section 408 of the proposed Inheritance and Estate Tax Act of 1959 reads as follows:

"Section 408. Powers of Appointment.—Property transferred pursuant to powers of appointment shall be taxed only in the estate of the donor, notwithstanding any blending of such property with the property of the donee."

The Comment on this section states that the proposed section 408 is in conformity with existing law and cites for authority Morris' Estate, 42 D. & C. 522.

The study of the Transfer Inheritance Tax Act of 1919, as amended, together with the quoted provisions of the proposed Inheritance and Estate Tax Act of 1959 and the Comment thereon indicates to the au-

diting judge that the proceeds of the insurance policies transferred pursuant to the power of appointment exercised by the residuary clause of the will of Ada J. Eavenson, deceased, the donee of said power of appointment, are not subject to the transfer inheritance tax.

There is also another reason why the inheritance tax cannot prevail. Tax statutes must clearly impose tax on property and where the meaning of statutes is doubtful and tax liability is doubtful, the doubt must be resolved in favor of the taxpayer.

Here, clearly, the doubt must be resolved against the Commonwealth and in favor of the estate.

The court is of the opinion that the claim for inheritance tax of the Commonwealth of Pennsylvania must be disallowed and the appeal from the assessment sustained. A decree will be entered in accordance with this opinion.